119

PER CURIAM.

(No. 5152 

JAKE VAN YZENDOORN, Guardian of the Estate of MICHAEL VAN YZENDOORN, A Minor; JAKE VAN YZENDOORN, Guardian of the Estate of SHIRLEY VAN YZENDOORN, A Minor; and JAKE VAN YZENDOORN, Administrator of the Estate of SARAH VAN YZENDOORN, Deceased, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 14, 1972.*

COONEY AND STENN, Attorney for Claimants.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, and MARTIN SOLL, Assistant Attorneys General, for Respondent.

HOLDERMAN, J.

Jake Van Yzendoorn, as Guardian of the estate of Michael Van Yzendoorn, a minor, as Guardian of the estate of Shirley Van Yzendoorn, a minor, and as Administrator of the estate of Sarah Van Yzendoorn, deceased, filed suit against the State of Illinois asking for an award of Twenty-five Thousand ($25,000.00) Dollars for each of the two minors and an additional Twenty-five Thousand ($25,000.00) Dollars to be paid to him as Administrator of the estate of Sarah Van Yzendoorn, deceased.

The two minors, with their mother, were passengers in a car on the 8th day of March, 1963, which was being driven by one Rheta Hobbs in an easterly direction along and upon Jonathan Creek Road, at or near its intersection with Illinois Route 133, approximately three miles west of Arthur, Illinois, in Moultrie County.

This car, at said intersection, collided with a car driven by one Duane W. Eveland and then collided with another motor vehicle being operated by one Lester Schrook.

As a result of the collisions, Michael Van Yzendoorn, Shirley Van Yzendoorn, and Sarah Van Yzendoorn were seriously injured. Sarah Van Yzendoorn died as a result of said injuries on the 8th day of March, 1963.

The State is charged with negligence in that it did not have adequate and proper traffic control signs at said intersection.

This case has already been passed upon by this Court as the Administrator of the estate of Duane W. Eveland filed suit asking for a recovery of $25,000.00, and alleged in his complaint that the deceased met his death of March 8, 1963, as a result of the same accident in question.

The State has filed a motion to dismiss citing the Eveland case and its findings.

In view of the fact that the entire question of alleged negligence of the State and all the facts concerning the accident were so clearly and concisely set forth in the Opinion of Judge Perlin, 25 C.C.R., Page 256 (1965), it would be repetitious to go over the same facts again.

The above mentioned decision of this Court held that the accident in question was caused solely by the negligence of the driver of the car in which the Van Yzendoorns were occupants and that it was her negligence, and her negligence alone, which caused the accident, injuries and death complained of.

Wherefore, this Court grants the motion to dismiss the instant cause.